# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

WENDY PYFRIN FEUCHT, et al.,    :       Case No. 3:18-cv-345
                          :
       Plaintiffs,         :       Judge Thomas M. Rose
                          :
v.                          :
                          :
TRIAD LOCAL SCHOOLS BOARD OF    :
EDUCATION , et al.,            :
                          :
       Defendants.       :

---

## ENTRY AND ORDER GRANTING MOTION FOR LEAVE
## TO FILE FIRST AMENDED COMPLAINT (DOC. 10) AND DENYING
## MOTION TO DISMISS (DOC. 7) AS MOOT

---

      This case is before the Court on the Motion for Leave to File First Amended Complaint (Doc. 10) filed by Plaintiffs.   On October 19, 2018, Plaintiffs brought this action under 42 U.S.C. § 1983 on behalf of the Estate of Bethany Thomson, a former student at Triad Middle School and Triad Elementary School in North Lewisburg, Ohio.   (Doc. 1.)   On January 22, 2019, Defendants moved to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).   (Doc. 7.)   Plaintiffs moved for an extension of time in which to respond to the Motion to Dismiss.   As required by S.D. Ohio Local Rule 7.3(a), Plaintiffs contacted Defendants before moving for the extension, in response to which Defendants indicated no objection to the extension.   The Court granted Plaintiffs an extension to March 12, 2019 to respond to the Motion to Dismiss.   On that date, Plaintiffs filed a Response in Opposition and, on the next day, they filed the Motion for Leave to File First Amended Complaint now before the Court.   (Docs. 9-10.)

      Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's consent or the court's leave."   Plaintiffs do not indicate whether they have Defendants' consent to the proposed amendment of the Complaint.   Under S.D. Ohio Local Rule 7.3(b), a party filing any type of motion "to which other parties might reasonably be expected to give their

consent (such as motion to amend pleadings, for leave to file a document instanter, for voluntary dismissal of a complaint or counterclaim, or to correct an electronic filing involving a technical error in using the ECF system)" must consult with all parties whose interests might be affected by the granting of such relief and solicit their consent.   Plaintiffs complied with S.D. Ohio Local Rule 7.3(a) in seeking their extension to respond to the Motion to Dismiss, so it is odd that they fail to indicate compliance with subdivision (b) of the same rule in seeking leave to amend.   In the future, the parties are reminded to comply with this rule—it contributes greatly to "the just, speedy, and inexpensive determination of every action and proceeding."   Fed. R. Civ. P. 1. Nevertheless, the Court assumes that Defendants do not consent and Plaintiffs therefore require the Court's leave to amend.

Federal Rule of Civil Procedure 15(a)(2) also states that "[t]he court should freely give leave [to amend] when justice so requires."   The Sixth Circuit interprets Rule 15(a) as setting forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.1987) (internal quote omitted).   "In evaluating the interests of justice, courts consider several factors, including 'undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Oleson v. U.S.*, 27 Fed. App'x 566, 569 (6th Cir. 2001) (quoting *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998)).

Plaintiffs argue that leave to amend is appropriate because this case is still in the early stages, their proposed amendment is not futile, and Defendants will not be prejudiced by granting leave to amend.   It is possible that Defendants, who have not responded, would argue that the proposed amendment is futile and they would be prejudiced by its filing.   (The Court has not reviewed the proposed Amended Complaint, other than for jurisdictional purposes, and expresses no view on its merits.)   Regardless, no response from Defendants is required to rule on Plaintiffs'

Motion. Defendants cannot reasonably dispute that this case is still in its early stages. The Court has not yet scheduled a Preliminary Pretrial Conference—the dates for the completion of discovery, the filings of dispositive motions, and trial have not been set. It is in the interest of justice to permit Plaintiffs to amend the Complaint so that their claims may be tried on their merits.

For these reasons, the Court **GRANTS** Plaintiffs' Motion for Leave (Doc. 10). Plaintiffs are ordered to file the First Amended Complaint within two business days of this Order. Defendants may answer, move or otherwise respond to the First Amended Complaint as permitted by the Federal Rules of Civil Procedure. The Court **DENIES** Defendants' Motion to Dismiss (Doc. 7) the Complaint as moot.

Although the Court did not review the Motion to Dismiss, it did note that its supporting memorandum is twenty-nine pages and Plaintiff's memorandum in opposition is twenty-five pages. Under General Order No. Day 12-01 regarding Pretrial and Trial Procedures in civil cases, memoranda "in support of or in opposition to any motion shall not exceed twenty pages without first obtaining leave of Court (which in Judge Rose's cases must be requested at least three working days in advance of the deadline for filing the document)." Gen. Order No. Day 12-01 at 11. The parties must comply with this standing order when filing memoranda supporting or opposing any motion in this case. Failure to do so may result in the Court striking the non-compliant memorandum or disregarding the pages in excess of the twenty-page limit.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 20, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE